OPINION
{¶ 1} Appellant, Charles Shampay, appeals from the December 12, 2006 judgment entries of the Mentor Municipal Court, adopting the magistrate's decisions and denying his motion to dismiss, as well as granting judgment for appellee, Homestead Real Estate LLC.
 {¶ 2} On April 3, 2006, appellee filed a complaint against appellant and defendant Teresa Shampay, alleging that they breached the terms of a lease agreement in which they owed $4,800 for four months rent as well as miscellaneous *Page 2 
utility bills and late fees.[1] Appellant and defendant Teresa Shampay filed an answer on May 3, 2006, and a counterclaim on May 24, 2006. Appellee filed a motion to strike the counterclaim on June 16, 2006. On June 26, 2006, appellant and defendant Teresa Shampay filed a "Motion For Supplemental Pleading To Enter Counter Claim," which was granted by the trial court on July 13, 2006. The trial court also ruled that appellee's motion to strike was moot. On July 24, 2006, appellee filed a reply to the counterclaim.
 {¶ 3} On September 27, 2006, appellant and defendant Teresa Shampay filed a motion to dismiss appellee's complaint in lieu of their Chapter 7 bankruptcy discharge. Appellee filed a reply on October 10, 2006. On October 13, 2006, appellant and defendant Teresa Shampay filed a second motion for dismissal of appellee's complaint in lieu of their Chapter 7 bankruptcy discharge. Appellee filed a reply on October 13, 2006. On October 27, 2006, appellant and defendant Teresa Shampay filed a motion to dismiss appellee's complaint, alleging that appellee violated R.C.3953.21(B), which was denied by the trial court.
 {¶ 4} A bench trial was held before the magistrate on October 31, 2006. Pursuant to his November 1 and 7, 2006 decisions, the magistrate determined that the evidence showed that appellant and defendant Teresa Shampay were obligated on the valid lease agreement, and there was no evidence that the debt at issue was discharged in bankruptcy. Thus, the magistrate rendered judgment for appellee in the amount of $4,800, plus six percent interest, and court costs.
 {¶ 5} Appellant and defendant Teresa Shampay filed an objection to the magistrate's decisions on November 13, 2006. *Page 3 
 {¶ 6} Pursuant to its December 12, 2006 judgment entries, the trial court overruled appellant's and defendant Teresa Shampay's objection to the magistrate's decisions. The trial court adopted the magistrate's findings of fact, conclusions of law, and recommendations as contained in the magistrate's November 1 and 7, 2006 decisions. Specifically, the trial court indicated the following: "[t]he Objection to the Magistrates (sic) Decision/Journal Entry was reviewed by the court on December 12, 2006[;] [f]ollowing an independent review of the Decision of this Court's Magistrate pursuant to Civil Rule 53, the Court finds that the Magistrate has properly determined the pertinent facts and applied the appropriate law thereto[;] * * * [m]otion to dismiss is denied. In addition, the trial court stated: "[j]udgment for plaintiff against defendants jointly and severally in the amount of $4800.00 plus 6% interest from judgment and court costs. Judgment for plaintiff on counterclaims. Counterclaim dismissed." It is from those judgment entries that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 7} "Magistrate, Joseph R. Klammer was not present for bench trial hearing, therefore the trial court proceedings were prejudiced. Magistrate, Joseph R. Klammer was not present to examine witnesses under oath at bench trial. Therefore, the independent review of the trial court's decision of adopting the magistrates decision has been prejudiced with err."
 {¶ 8} In his pro se appellate brief, appellant alleges various contentions not based on the record, and, therefore, will not be addressed here. However, it appears that appellant's main focus deals with the fact that the trial court erred by adopting the *Page 4 
magistrate's decisions. He also contends that Magistrate Joseph R. Klammer ("Magistrate Klammer") was not present for the bench trial.
 {¶ 9} "Our review of the trial court's decision under Civ.R. 53 is limited to a determination of whether the court abused its discretion in adopting the magistrate's decision." Caskey v. Lordstown Dev. Corp.
(July 14, 2000), 11th Dist. No. 99-T-0034, 2000 Ohio App. LEXIS 3203, at 2, citing In the Matter of Gibbs (Mar. 13, 1998), 11th Dist. No. 97-L-067, 1998 Ohio App. LEXIS 997, at 12. "An abuse of discretion connotes more than an error of law; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable."Caskey, supra, at 3, citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 10} Civ.R. 53(D)(4)(d) provides in part: "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. * * *"
 {¶ 11} Error, if any, committed by the trial court focuses not on the magistrate's findings or proposed decision, but rather on the trial court's actions. W.R. Martin, Inc. v. Zukowski, 11th Dist. Nos. 2006-L-028 and 2006-L-120, 2006-Ohio-6866, at ¶ 32, citing In reWoodburn (Jan. 2, 2002), 9th Dist. No. 20715, 2002 Ohio App. LEXIS 1, at 5.
 {¶ 12} Here, with respect to appellant's allegation that Magistrate Klammer was not present at the bench trial, we note that Magistrate Klammer's November 2006 decisions contained in the record before us, signed by him, indicate that a bench trial *Page 5 
was held on October 31, 2006. Appellant did not provide a transcript of the bench trial or a proper alternative if a transcript was unavailable.
 {¶ 13} The record before this court establishes that the trial court did not abuse its discretion by adopting the magistrate's decisions. Pursuant to its December 12, 2006 judgment entries, the trial court independently reviewed the magistrate's findings and decisions before overruling appellant's objection.
 {¶ 14} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Mentor Municipal Court is affirmed.
CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., concur.
[1] Defendant Teresa Shampay is not a named party to the instant appeal. *Page 1